Kenneth H. Manning, J.D.
19860 Linda Lane
Kasilof, AK 99610
907-394-4377


RECEIVED
SEP 14 2018
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
AT ANCHORAGE, ALASKA

KENNETH H. MANNING, )
    Plaintiff, )
 )
Vs. )
 ) U.S. District Court Case No. 3:18-CV-00208-TMB
 )
ALASKA DEPARTMENT OF ) **CLASS ACTION**
FISH & GAME; ) **COMPLAINT**
 ) **OF RACIAL DISCRIMINATION**
    Defendants, )
 ) **DEMAND FOR JURY TRIAL**

I, Plaintiff Kenneth H. Manning, J.D., am a U.S. Citizens and a long time resident of the State of Alaska now residing at Kasilof on the Kenai Peninsula, Alaska. I hereby file this CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION on behalf of myself and tens of thousands of Alaska resident subsistence hunters.

    This U.S. District Court has jurisdiction over the parties and the cause of action against the defendant State of Alaska ADF&G, under: (1) claims of State racial discrimination and civil rights violations 42 U.S.C. 1983 *et seq.*,; (2) denial of U.S. Constitution 14TH Amendment equal protections and the right to privacy of individual choice and freedoms of racial customs and traditions, (3) violations of Alaska Native Claims Settlement Act ("ANCSA") 44 U.S.C. 1601, Section 4b; and (4) violations of Alaska Constitution Article I Section I equal rights, Article VIII Section 3 common use rights.

    In accordance with Federal Rules of Civil Procedure No. 23, and as a public interest litigant, I, Plaintiff Manning file this CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION, with DEMAND FOR JURY TRIAL, as an action at law to seek relief from decades of past and continued unconstitutional and irreparable harms to Plaintiff Manning and thousands of Alaska residents, and future generations..

Legal constitutional clarification and guidance from the Federal Court(s) is long over due, where for decades the issues, disputes, and questions of challenged State actions and laws concerning rural and racial subsistence rights and priorities, racial discriminations, exceeding all statutory enabling authority, violations of constitutional equal rights, all continue to cause irreparable harms to thousands, and continue to exacerbate conflicting litigation and violate case precedents in the State courts.[1]

BACKGROUND: I have exercised my subsistence hunting and fishing rights in Alaska for approximately 53 years now, including decades as a Tier-11[2] level subsistence hunter, and have been fighting to protect equal rights for going on 19 years now in the Alaska courts. The state courts have rejected the claims that it is unconstitutional to use racial discrimination as regulatory eligibility requirements for a state-issued community subsistence harvest (CSH) hunting permits[3] for community hunts CM300 moose and CC001 caribou CHP permits. S-16461.

I, Kenneth Manning, and thousands of other long-time subsistence users, can no longer go subsistence moose hunting on opening day (since year 2009), or the first 10 days of moose season, or shoot any bull moose, based on unconstitutional racial discrimination state hunting regulations.[4] Only Ahtna Athabaskan tribal members and only those who "convert" to Ahtna tribal local racial customs and traditions (C&T), by ADF&G regulations, are eligible for a state-issued community subsistence harvest (CHP) priority-preference hunting permits for CM300 moose and CC001 caribou CHP in Game Management Unit (GMU) 13 in the Nelchina River and Cooper Basin, central Alaska region. See DVD Disk 1, ADF&G 2018-2019 Regulations.

---

[1] Plaintiff Manning has been fighting for equal subsistence use rights in the Alaska courts for 19 years now, and continuing: **Manning I**: *State v. Manning*, 161 P.3d 1215 (Alaska 2007) (filed in 2000), [ADF&G denied 64 communities all Tier-II subsistence eligibility for all big game species]; **Manning II**: *Ahtna v. State, Manning, AFWCF*, 288 P.3d 452 (Alaska 2012) [held CSH unconstitutional where requiring residency in an Ahtna village, and violated Public Trust Doctrine where Ahtna granted/denied user permits]; **Manning III**: (*Manning v. State ADF&G, Ahtna*, 355 P.3d 330 (Alaska 2015) S-16461; [ denied without review of claims of unconstitutional racial discrimination]; **Manning IV**: *Manning v. State ADFG, Ahtna*, 3KN-13-00708CI, [denied substantive and procedural due process, appeal S-16511].
[2] Alaska Subsistence Law AS 16.05.258(b)(4); Tier-11 is the <u>highest state statutory protection</u> level for subsistence use and dependency.
[3] *Manning III* (*Manning v. State ADF&G, Ahtna*, 355 P.3d 330 (Alaska 2015) ; *AFWCF v. State ADF&G, Ahtna*,347 P.3d 97 (Alaska 2015)
[4] See Exhibit A, p. 1, attached, State ADF&G Certification Statement.

Denial of long time and equal subsistence use rights, literally takes subsistence foods off my table.

Plaintiff Manning incorporates by reference the above paragraphs and reiterates into each of the Counts below.

COUNT 1:

A. The ADF&G racial discrimination and residency-based rural preference regulations 5 AAC 92.072(c)(1)(F) et seq., requiring Plaintiff Manning, and ALL subsistence CSH[5] permit applicants to "convert" to Ahtna tribal local racial customs and traditions as permit eligibility, with penalty of law for non-compliance[6], is unconstitutional racial discrimination and denies equal rights of individual choice to practice his/her own racial customs and traditions without state penalties of fines and jail for failure (refusal) to "convert" in order to receive a state-issued CSH hunting permit. (See Exhibit A attached).

B. The present state-ADF&G-issued moose and caribou community subsistence harvest permit (CSH) eligibility conditions for Game Management Unit 13 (GMU 13) Nelchina River and Cooper Basin moose and caribou, (5 AAC 92.072(c)(1)(f) *et seq*, CM300 moose and CC001 caribou CHP permits **requires** all applicants to comply or **convert to Ahtna tribal local racial customs and traditions** (hereafter collective reference as "Ahtna tribal members C&T"). See Exhibit A, State ADFG Certification Statement, DVD Disk 1, Exc. Page 103, attached, that states:

> "The Board of Game has identified particular characteristics of customary and traditional use patterns of the Nelchina caribou and moose, and has recognized these were established by the Ahtna Athabaskan communities within the Cooper River basin, ... The Board has published these characteristics in 2006-170-BOG. In order to comply with 5AAC 92.070(c)(1)(F), the department is including this certification statement...."
> 
> . . .
> "By affixing my signature below, I have read and understand the customary and traditional uses of Nelchina moose, caribou, and other wild resources described in 2006-170-BOG, and furthermore, **I agree to the best of my belief and ability, to observe the customary and traditional use patterns found there in**."
> 
> "...*Subject to penalty of $10,000 fine, and one year in jail, **or both**.*"

---

[5] Community Subsistence Harvest (CSH) hunting permit with priority preference hunting condition of any bull moose, earlier and extended seasons, and with ADF&G regulation eligibility requirements to convert to Ahtna Athabaskan racial customs and traditions under penalty of $10,000 fine and one year in jail for permit non-compliance (See Exhibit A page 1, attached).

[6] 5AAC 92.070(c)(1)(F), see EXC. p. 103. Exhibit A, page 1, attached, DVD Disk 1,

See ADF&G Certification Statement, Exhibit A attached DVD Disk 1 at file "Scan_Appellants EXC p50-184 (S16511)(Huguelet 178)." Imposed in 2009, and still imposed in CM300 moose and CC00 GMU 13Community Harvest Permits (CHP).[7]

Plaintiff Manning and thousands of other long-time subsistence users, do NOT qualify for a GMU 13 CSH hunting permit, because I am NOT an Ahtna tribal member and DO NOT practice and REFUSE to **_convert_ to Ahtna local tribal racial C&T,** under penalty of fines and jail for permit non-compliance, as necessary to receive a **state-ADF&G issued** CSH hunting permit. The State's required regulatory permit condition that all CSH permit applicants must practice or convert to Ahtna Athabaskan tribal local racial customs and traditions of approximately 200 Ahtna tribal hunters,[8] are arbitrary and capricious, and are **not** the customs and traditions of Plaintiff Manning nor the vast majority of thousands of other hunters of moose and caribou hunters who hunt in the Nelchina and Cooper River basin of Game Management Unit (GMU) 13.[9]

C. The racial discrimination regulations are _**facially and prima facie**_ unconstitutional and violate the equal protections, civil rights, and rights of individual privacy (of freedom to exercise their own racial customs and traditions), and constitutional equal protections afforded each individual Alaska resident to practice his own racial customs and traditions without undue State infringement that violate individual protections and privacy freedoms guaranteed by the 14th Amendment of the U.S. Constitution, 42 U.S.C. 1983, Alaska Constitution Article 1 Section 1 equal rights, Article VIII Section 3 "common use rights," Section 17 Rights of Privacy, and the Public Trust Doctrine.

D. The challenged regulations unconstitutionally divide the _bona fide_ residents of Alaska into unequal classes of citizens for subsistence use rights, based on their **racial** customs and traditions. The regulations are contrary to _Zobel v. Williams_, 457 U.S. 55 (1982) _McDowell v. State_, 785 P.2d 1 (Alaska 1989), _Madision v. State_, and the U.S. Constitution 14th Amendment equal protections.

---

7. CM300 moose and CC001 caribou Community Harvest Permit (CHP) for GMU 13 implemented in 2009 and the regulation is still in effect today upheld by the Alaska Supreme Court.

8. ADF&G Regulations require all applicants must practice or convert to Ahtna racial C&T communal pot latch sharing event, with moose-head soup (with moose eye balls winking at you!), must eat/salvage the guts including stomach, intestines, colon, and other non-edible parts of the game animal; all too primitive and savage for Plaintiff Manning, and are NOT my racial C&T.

9. GMU 13 is central interior of Alaska, surrounded by road access for residents from the north Fairbanks area, from the south Anchorage Mat-Su, Kenai, as well as all interior communities.

E. The Courts and ADF&G Board of Game (BOG), have exceeded all state statutory and constitutional authority to grant a racial priority CHP permit preference. The Court and the ADF&G failed to identify, protect and preserve the subsistence customs and traditions of Plaintiff Manning and tens of thousands of other Alaskan subsistence users, as required by Alaska Subsistence Law AS 16.05.258 (b)(2)(a), to provide a reasonable opportunity for subsistence use without State racial C &T infringement on freedom of individual rights to practice and continue their own individual racial customs and traditions; and by AS 16.05.255(f)(1)(C), that are violations against the best interest and protection of equal subsistence use for all. The CHP regulation eligibility criteria that <u>require</u> all applicants for a CSH moose or caribou subsistence permit to comply or ***convert*** to Ahtna Athabaskan local tribal racial customs and traditions. (5 AAC 92.072(c)(1)(F)), <u>with penalties of fines and jail for non-compliance</u>, violates civil rights in violation of 43 U.S.C 1983 *et. seq.*. See EXC. p.103, **Exhibit A** attached, and ADFG supplement fact sheets for the CSH Permit Tier-II and Subsistence Program For 2016-2017.[10]

G. The ADF&G Board of Game continued implementation of the struck down BOG "Experiment"[11] of re-classifying (i.e., betraying) thousands of long time Tier-11 subsistence hunters, "<u>as N0T real subsistence hunters like Ahtna</u>," to justify getting out of Tier-11[12] statutory protection status for subsistence user dependency, is unconstitutional racial discrimination and fails recognize and protect other race(s) C&T, and fails to lawfully protect long-time subsistence dependency under Alaska Subsistence Law AS 16.05.258(b)(4)., and 42 U.S.C. 1983.

H. The ADF&G regulation requiring all applicants who apply for a GMU 13 caribou permit, cannot hunt moose anywhere else in the State except in GMU 13, including all members of the applicant's household, denies equal protections of the laws, fails to protect subsistence customs and traditions of Plaintiff Manning and thousands of other families that

---

[10] See ADFG Cooper Basin Community Harvest Subsistence Permit Program for 2016-2017: "The hunt conditions in this Copper Basin Caribou CSH permit program are made for the purposes of notifying the community/group of users of how to use caribou in a manner consistent with the [Ahtna] customary and traditional use pattern described in the board's 2006 findings Game Management Unit 13 Caribou and Moose Subsistence Uses (2006-170-BOG), ...."
[11] See Exhibit B Judge Bauman decision, Kenai Superior Court, 3KN-09-1`78CI (Aug 2012); Ahtna appeal held moot *Ahtna v. State ADF&g, Manning, AFWCF*,
[12] AS 16.05.258(b)(4) Tier II is the highest state statutory level of subsistence protections.

CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION
*Manning v. State ADF&G*
U.S. D.C. Case No. _____                                    Page 5 of 10

traditionally hunt moose in other areas of the state other than GMU 13. This forces over crowded hunters into GMU 13, has no game management objective, is contrary to required Alaska constitution wise sustained yield game management and conservation, and has totally eliminated protection for subsistence customs and traditional use dependency.[13]

    I. The Court and ADF&G failed to uphold the intent of the Board of Game (BOG), to NOT require all CHP applicants to "convert" to one race C&T CHP. See DVD Disk 1, Exhibit ADF&G 2009 Administrative Record.

    J. The Courts failed to review Appellant Manning's Opening Brief; and Reply Brief, S-16461, which detailed the BOG 2009 Administrative Record.

    K. The Courts' awarding attorney fees and costs against Manning under Civil Rule 82, AS 09.60.010(c)(2), against a party that did not file a frivolous claim or have economic incentive to file the claims, violates 42 U.S.C. 1988 and equitable justice in this matter.

    L. The BOG findings 2006, that approximately 176 Ahtna Athabaskans exercise primitive racial customs and traditions, do not allow unconstitutional regulations to be imposed on thousands of non-Ahtna hunters.

    M. The Courts failed to complete a strict scrutiny compelling state interest required standard of review. *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995).[14]

    N. The Courts acted with extreme judicial bias and prejudice, abused judicial discretion, that denied a fair and impartial tribunal.

COUNT 2:

    The challenged ADF&G racial discrimination regulation 5 AAC 92.072(c)(1)(F)) granting Ahtna Athabaskan tribal members a racial customs and traditions priority preference for a CSH state-issued hunting permit, violates Alaska Native Claims Settlement Act (ANCSA) 43 U.S.C. 1601 Section (4)(b), that extinguished any and all aboriginal primitive hunting and fishing priority preference rights. The Ahtna local primitive tribal racial C&T regulatory eligibility for CSH hunting permit requirements, unconstitutionally divides the citizens residents of the State into <u>unequal racial classes</u> for limited state resource benefits

---

[13] Ahtna has recently filed complaint with the ADF&G BOG that they cannot meet their subsistence needs due to over crowded hunters in their traditional hunting areas of GMU 13.

[14] *Adarand Constructors, Inc. v. Pena, 515 U.S. 200 (1995),* "<u>All racial classifications, imposed by whatever federal, state, or local governmental actor, must be analyzed by a reviewing court under **strict scrutiny**.</u>" Pp. 10-29; 34-37

(CHP hunting priority permits); violates constitutional equal protections of the laws for bonified residents of the State of Alaska,[15] and violates decades of Alaska case law precedent to protect subsistence use rights, not eliminate them. *McDowell,*[16] *Morry,*[17] *Madision,*[18] *Manning I,*[19] *Manning II.,*[20] *Zobel v. Williams.*[21]

COUNT 3:

The rural preference regulation criteria for eligibility for all **Tier-11** big game species subsistence hunting permits statute AS 16.05.258(b)(4), and regulation 5 AAC 92.072, unconstitutionally grant <u>rural</u> applicants for Tier-11 subsistence permits a rural preference priority based on higher costs of <u>rural</u> purchases of gasoline and groceries nearest the rural applicant's community of residency, and the number of days spent per year for subsistence uses in the **rural** local area of the hunt. Plaintiff Manning exercises his subsistence personal use rights for hunting, fishing, berry picking, etc., 365 days a year in his Kasilof, Kenai Peninsula location of residency, but receives NO points for the subsistence Tier 11 eligibility criteria for subsistence uses in his local residence area. Thus, collectively the Tier-11 big game subsistence permit eligibility requirements constitute an unconstitutional **rural** preference priority and residency-based permit eligibility process, in violation of *McDowell v. State*, 785 P.2d 1 (Alaska 1989) and *Kenaitze v. State*, 860 F.2d 312 (9th Cir 1988), and constitutional equal protections, and per *Zobel v. Williams*, 457 U.S. 55 (1982).

COUNT 4:

A. The Non-subsistence use areas created by Alaska statute AS 16.05.258(c) *et seq*, are UNCONSTITUTIONAL, where they deny Plaintiff Manning his <u>individual</u> constitutional equal protections and <u>individual</u> subsistence use rights.[22] The non-subsistence use area(s) are based primarily on geographic location of residency in the state, on the rural-urban location of residency, and on racial-based C&T criteria, and on community socio-economics (i.e., money, income status) of communities in the geographic non-subsistence use areas. (AS

---

[15] *Zobel v. Williams*, 457 U.S. 55 (1982).
[16] *McDowell v. State*, 785 P.2d 1 (Alaska 1989).
[17] Morray, Id.
[18] Madison, Id.
[19] **Manning I**: *State v. Manning*, 161 P.3d 1215 (Alaska 2007);
[20] **Manning II**: *Ahtna v. State, Manning, AFWCF*, 288 P.3d 452 (Alaska 2012);
[21] Zobel v. Williams, 457 U.S. 55 (1982).
[22] Constitutionally protected individual civil rights guaranteed by the 14th Amendment U.S. Constitution; Alaska Constitution Article 1 Section 1 Equal Rights, Article VIII Section 3 "common use rights", 15, 17.

16.05.258(c)(1)-(13)); 5 AAC 99.015 Joint boards Nonsubsistence Use Areas, 5 AAC 99k.015(a)(3) Anch-Mat Su-Kenai Nonsubsistence Use Area.) [23].

B. After the rural preference was struck down as unconstitutional in *State v. Kenaitze*, 83 P.3d 1060 (Alaska 2004) and *McDowel v. State*, 785 P.2d 1 Alaska (1989), the State used the exact same unconstitutional socio-economic criteria of rural vs. urban socio-economics criteria (income, money) from the struck-down "non-rural" definition, and simply changed the title to "Non-subsistence use area." The change in definition title from "non-rural" to "Non-subsistence use area," still has the same unconstitutional rural preference priority effect, and denies residents of Non-subsistence use areas individual equal subsistence use rights[24], i.e., are second class citizens based on where they live, their community socio-economics (money, income), - in a Non-subsistence use area, in violations of constitutional protections and court holdings in *Zobel v. Williams*, 457 U.S. 55 (1982), McDowell v. State, 785 P.2d 1 (Alaska 1989), and *Kenaitze v State Alaska*, 860 F.2d 312 (9th Cir 1988).

C. The non-subsistence use area designations, has nothing to do with game management or sustained yield management of fish and game resources, but only serves to deny residents their constitutionally protected "common use" rights to fish, game and water resources per Alaska Constitution Article VIII Section 3 "common use."

D. The exclusion of native villages (Ninilchik, Seldovia, Tyonek, etc., in Kenai Peninsula [25] Non-subsistence use area) from the State Kenai Peninsula non-subsistence use areas, is unconstitutional racial discrimination and violates equal protections of Alaska Constitution Article I Section 1 Equal Rights, and violate the 14th Amendment equal protections of the U.S. Constitution.

---

[23] See 9th Circuit Court of Appeals case *Kenaitze v State Alaska*, 860 F.2d 312 (9th Cir 1988).rejecting the validity of the non-subsistence use area criteria, constructively striking down the non-subsistence use areas.

[24] *Id*. Note that over three quarters of Alaska's residents live in the "non-subsistence use areas," thus are denied the Alaska Constitution Article VIII Section 3 "common use" rights for subsistence use, base on where they live. Non-subsistence use area has nothing to do with game management, only denies common use rights to all residents in the geographic zones, except native communities, - all others are denied Article VIII Section 3 common use subsistence rights.

[25] The Kenai Peninsula non-subsistence use area is larger than the states of Vermont, New Hampshire, and Rhone Island combined, and includes thousands of acres of congressional delegated wildlife refuges, wilderness areas, National Forests, and State Parks.

DEMAND FOR RELIEF:

(1) This Court declare the State ADF&G regulatory requirements (5 AAC 92.072(c)(1)(F) *et seq* ) that require Plaintiff Manning, and all applicants, to "convert" to Ahtna Athabaskan racial customs and traditions as eligibility for a State ADF&G issued community subsistence harvest (CSH) hunting permit for GMU 13 moose CM300 and caribou CC001 CHP permits, is UNCONSTITUTIONAL racial discrimination and denial of constitutional equal protections. This court enjoin the ADF&G from enforcing the CM300 moose and CC001 caribou CHP regulations as unconstitutional.

(2) This Court declare the State ADF&G continued use of the ADF&G Board of Game "Experiment" to reclassify (betray) Plaintiff Manning and over 12,000 long time Tier-II subsistence users as not real subsistence users like "Ahtna," is unconstitutional and unequal resident classification for distribution of limited state resource benefits.

(3) This Court declare the State ADF&G regulatory requirement that applicants for a GMU 13 caribou permit cannot hunt moose anywhere else in Alaska <u>except</u> GMU 13, including all members of the applicant's household, is unconstitutional. <u>Morry,</u> Id.

(4) This Court declare the State ADF&G **Tier-11** big game species subsistence hunting permits statute AS 16.05.258(b)(4), and regulation 5 AAC 92.072 are unconstitutional rural based preferences that deny equal protections and rights of common use.

(5) This Court declare the non-subsistence use areas statute AS 16.05.258(c) denial of equal rights by geographic location of residency, is racial discrimination, and by socio-ecomonics (income; money) are unconstitutional denials of equal rights.

(6) I, Plaintiff Manning as a public interest litigant, requests as this Court and jury deems just and proper, seek awards against the defendants, including any defendant-intervenor(s), of general, compensatory, and restitution damages, including enhanced damages for racial discrimination, for decades[26] of wrongful denial and violations of

---

[26] The above requested damages are warranted and necessary where the ADF&G Board of Game, continue for decades, without recourse, to pass regulations that blatantly and intentionally deny constitutionally protected <u>individual equal rights</u> of subsistence and personal use[26] to thousands of Alaskans (see *McDowell v. State*, 785 P.2d 1 (Alaska 1989); *Kenaitze v. State*, 860 F.2d 312 (9th Cir 1988); **Manning I**: *State v. Manning*, 161 P.3d 1215 (Alaska 2007); **Manning II**: *Ahtna v. State, Manning, AFWCF*, 288 P.3d 452 (Alaska 2012); **Manning III**: *Manning v. State ADF&G, Ahtna*, 355 P.3d 530 (Alaska 2015), petition rehearing denied without review; Writ Cert. denied sub nom, *Manning v. State ADF&G*, 136 S.Ct. 1172, 194 L.Ed. 2d 193 (2016); <u>State v Morry</u>, 836 P2d 358 (Alaska 1992),

CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION
*Manning v. State ADF&G*
U.S. D.C. Case No. _____
Page 9 of 10

constitutional equal protections for subsistence and personal use for Plaintiff Manning and tens of thousands of Alaskan residents and future generations.

(7) I request for all costs and fess associated with bringing this law suit, and at maximum interest allowed by law.

Date: August 18, 2018

Respectfully submitted:

*[signature]*

Kenneth H. Manning, J.D.

Plaintiff

I hereby swear and affirm, the above statements and exhibits in the CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION, are true and correct to the best of my belief and knowledge, so help me God.

*[signature]*   Date: Aug 21, 2018

Affiant: Kenneth H. Manning, J.D.

Plaintiff

SUBSCRIBED AND SWORN TO, before me the undersigned authority, on this 21st day of August, 2018.

(notary seal)

*[signature]*

Notary Public in the State of Alaska

My Commission Expires: 6/26/2021

**Notary Public**
**HEATHER SCHACHINGER**
**State of Alaska**
My Commission Expires June 26, 2021

---

individual equal rights of subsistence and personal use[26] to thousands of Alaskans (see *McDowell v. State*, 785 P.2d 1 (Alaska 1989); *Kenaitze v. State*, 860 F.2d 312 (9th Cir 1988); **Manning I**: *State v. Manning*, 161 P.3d 1215 (Alaska 2007); **Manning II**: *Ahtna v. State, Manning, AFWCF*, 288 P.3d 452 (Alaska 2012); **Manning III**: *Manning v. State ADF&G, Ahtna*, 355 P.3d 530 (Alaska 2015), petition rehearing denied without review; Writ Cert. denied sub nom, *Manning v. State ADF&G*, 136 S.Ct. 1172, 194 L.Ed. 2d 193 (2016); State v Morry, 836 P2d 358 (Alaska 1992),

CLASS ACTION COMPLAINT OF RACIAL DISCRIMINATION
*Manning v. State ADF&G*
U.S. D.C. Case No. _____
Page 10 of 10

